**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000208
15-NOV-2013
08:49 AM**

NO. CAAP-10-0000208

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


IN THE MATTER OF THE
THOMAS H. GENTRY REVOCABLE TRUST


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(T. NO. 02-1-0030 (DHMC))


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding Judge, Leonard and Reifurth, JJ.)

Respondent-Appellant Kiana Gentry (**Gentry**) appeals from two Judgments entered by the Circuit Court of the First Circuit (**Probate Court**)[1] on November 9, 2010, specifically:  (1) the Judgment Regarding Order Granting Petition for Approval of Income and Principal Accounts for the Period January 1, 2008 Through December 31, 2008 (**Judgment on 2008 Accounts**); and (2) the Judgment Regarding Order Granting Petition for Approval of Income and Principal Accounts for the Period January 1, 2009 Through December 31, 2009 (**Judgment on 2009 Accounts**) (collectively, the **Judgments**).  Gentry also challenges the following two Probate Court Orders, both entered on November 9, 2010:  (1) Order Granting Petition for Approval of Income and Principal Accounts for the Period January 1, 2008 Through December 31, 2008; and (2) Order Granting Petition for Approval of Income and Principal Accounts for the Period January 1, 2009 Through December 31, 2009.  The appealed judgments and challenged orders granted the petitions filed by co-trustees, Petitioners-Appellees Mark

---

[1]    The Honorable Derrick H.M. Chan presided.

Vorsatz (**Vorsatz**) and First Hawaiian Bank (**FHB**) (collectively, **the Trustees**), in the Matter of the Thomas H. Gentry Revocable Trust (**Trust**), T. No. 02-1-0030, for the approval of the Trust's 2008 and 2009 accounts, including the Trustees' payment of attorneys' fees and costs to Sonnenschein, Nath & Rosenthal (**SNR**) and Seyfarth Shaw LLP (**Seyfarth**) during the 2008 and 2009 accounting periods.

On appeal, Gentry raises six points of error, arguing that the Probate Court erred with respect to the approval of the Trustees' payments from the Trust to SNR and Seyfarth for attorneys' fees and costs. More specially, Gentry contends that the subject attorneys' fees and costs: (1) were unreasonable; (2) did not conform to local rates for Honolulu attorneys; (3) included block-billing and vague and/or ambiguous work descriptions; (4) reflected overstaffed representation, which included the services of three law firms; (5) did not benefit the Trust; and (6) improperly included charges for interstate airline travel, ground transportation, costs of meals, unnecessary messenger services, and third party conferencing and internet services.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we conclude that the Circuit Court did not abuse its discretion in approving the Trust's 2008 and 2009 accounts, including the payment of the Trustees' attorneys' fees and costs, as reasonable, necessary and beneficial to the Trust.

As required by Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(11), Gentry has identified related cases, including In the Matter of the Thomas H. Gentry Revocable Trust and In the Matter of T.H.G. Marital Trusts, Nos. 29727 and 29728 (cons.) (**Appeal No. 29727**).[2] As noted by Gentry, Appeal No. 29727 involved the same parties as this appeal, and challenged

_____

[2]     This court's Judgment in No. 29727 was filed on February 28, 2013. No further review was sought by any party thereto.

the Probate Court's approval of Trust accounts with respect to the approval of the Trustees' payments from the Trust for attorneys' fees and costs. Appeal No. 29727 concerned the Trust's 2007 accounting period, whereas this appeal concerns the Trust's 2008 and 2009 accounting periods. Nevertheless, the legal determinations made by this court in Appeal No. 29727 are the law of the case. State v Gomes, 107 Hawai'i 253, 258, 112 P.3d 739, 744 (App. 2005) (citing Jordan v. Hamada, 64 Haw. 446, 450, 643 P.2d 70, 73 (1982) ("'a determination of a question of law made by an appellate court in the course of an action becomes 'the law of the case' and may not be disputed by a reopening of the question at a later stage of litigation,' from which we will not stray." (further citation omitted and format altered)). To the extent that there are identical facts or issues decided in Appeal No. 29727, collateral estoppel may bar their relitigation here. See Omerod v. Heirs of Kaheananui, 116 Hawai'i 239, 263-64, 172 P.3d 983, 1007-08 (2007). Accordingly, we consider Gentry's challenges to the approval of the 2008 and 2009 accounts in light of our ruling on the 2007 accounts.

First, for the reasons stated in Appeal No. 29727, California law applies to the approval of the Trust's accounts, including the attorneys' fees and costs to be paid from the Trust.

Upon review of the hourly rates charged in conjunction with the 2008 and 2009 accounts, based on the reasoning set forth in Appeal No. 29727, we reject Gentry's argument that the hourly rates charged by the Trustees' attorneys were unreasonable.

Gentry also maintains that the Probate Court erred in awarding all of the requested attorneys' fees because the fees were based on time entries that were "block-billed" and which "contained vague and ambiguous work descriptions." Gentry first argues that SNR and Seyfarth should not be compensated from the Trust for "block-billed" entries; however, the case she cites in support of this argument is distinguishable. See generally Haw. Ventures, LLC v. Otaka, Inc., 116 Hawai'i 465, 173 P.3d 1122 (2007). It merely illustrates that block billing is problematic

3

where certain tasks are compensable but others are not. Id. at 476-77, 173 P.3d at 1133-34 (block billing rendered it impossible to separate work in scope of receiver's duties, which was compensable, from work performed in defense of receiver's fees, which was not). In such cases, block-billed entries render it impossible to apportion fees between tasks that are compensable and those that are not. Id. In the present case, though, no delineation is strictly necessary, as all of the tasks concerned compensable services performed in the administration of the Trust.

In addition to contesting the block-billed invoices, Gentry argues that SNR and Seyfarth should not be compensated for entries with vague and insufficient descriptions of work performed. She asserts that entries with notations such as "[c]onference call with client and counsels re: various issues," "[r]eview trust accounting," and "[r]evise reply brief" are insufficient to support SNR and Seyfarth's fee requests. However, Gentry fails to demonstrate that SNR and Seyfarth's services did not benefit the Trust or how exactly the Probate Court's determination constituted an abuse of discretion. California law reveals that a trustee may "use trust funds to pay for legal advice regarding trust administration," and here there is no indication that SNR and Seyfarth did not benefit the Trust. Wells Fargo Bank v. Superior Court, 22 Cal. 4th 201, 213, 990 P.2d 591. Furthermore, the record reveals that the Probate Court reviewed the invoices and understood the work product performed by SNR and Seyfarth, deeming the descriptions to be sufficient and the attorneys' fees to be reasonable. Thus, we conclude that the Probate Court did not abuse its discretion in approving the Trust's accountings for the attorneys' fees, including compensation for those entries.

Additionally, Gentry argues that the Probate Court erred in retaining SNR and Seyfarth because they were "unnecessary and overstaffed the proceedings" (as the Trustees were already "represented by prominent Honolulu and California trust/estate law firms"). In support of this contention, Gentry

refers to the case of <u>Donahue v. Donahue</u>, 105 Cal. Rptr. 3d 723 (2010), where a trust beneficiary challenged the trustee's petition for more than $5 million in attorneys' fees incurred while defending a final accounting that involved allegations of breach of trust. <u>Id.</u> at 726. The trustee had been represented by multiple attorneys from three large firms, several of whom billed at rates as high as $690 per hour. <u>Id.</u> at 726-27.

Upon review, the court in <u>Donahue</u> set forth several factors for a court to consider when examining reasonableness with regard to overstaffing and unnecessary services. First, it must engage in careful review of the supporting documentation to avoid an overly deferential approach. <u>Id.</u> at 731-32. The court should consider "whether the case was overstaffed, how much time the attorneys spent on particular claims, and whether the hours were reasonably expended." <u>Id.</u> at 732 (citations and internal quotation marks omitted). It must exclude compensation for "padding in the form of inefficient or duplicative efforts." <u>Id.</u> (citations and internal quotation marks omitted). It must consider whether the fees incurred are "proportional to the trust's objectives." <u>Id.</u> at 734. Finally, it must determine whether the fees were "reasonably incurred *for the benefit of the trust*." <u>Id.</u> at 735. The overarching standard is based upon the time spent and the "reasonable value of that time[.]" <u>Id.</u> at 732 (citation and internal quotation marks omitted).

In the present case, the Probate Court found credible SNR and Seyfarth's explanations for the reasonableness and necessity of the fees, and it personally reviewed the unredacted invoices before rendering a decision. The court also took into account each of the factors set forth in <u>Donahue</u>. It carefully considered and rejected Gentry's claims that the Trustees had overstaffed the case, that the amount of time spent was unreasonable, and that the invoices were somehow "padded." <u>Donahue</u>, 105 Cal. Rptr. 3d at 732. The record amply reflects that, during the 2008 and 2009 accountings, there were numerous objections/responses to the Trustees' petitions, and the Trustees were obligated to respond to these opposing assertions. Also,

there was no indication that the fees incurred were not proportional to the Trust's objectives or that the work done did not benefit the Trust. Thus, the Probate Court's determination regarding the allegation of overstaffing was in accord with California law, and no abuse of discretion occurred.

Finally, Gentry asserts that the Probate Court erred when it approved the Trustees' payment to SNR and Seyfarth for their requested costs included in the 2008 and 2009 accounting periods, which included costs for "interstate airline travel, ground transportation, costs of meals, unnecessary messenger services, and third party conferencing and internet services." We have reviewed the Probate Court's approval of the Trustees' payment from Trust assets for costs in the amount of $2,740.58 in 2008, and $255.50 in 2009, and conclude that Gentry's arguments are without merit. See also Appeal No. 29727.

For these reasons, the Probate Court's Judgment on 2008 Accounts and Judgment on 2009 Accounts, both filed on November 9, 2010, are affirmed.

DATED: Honolulu, Hawai'i, November 15, 2013.

On the briefs:

Margery S. Bronster
Jae B. Park
(Bronster Hoshibata)
for Respondent-Appellant
KIANA GENTRY

Carroll S. Taylor
(Taylor Leong & Chee)
   and
Keith P. Bartel
(Carr McClellan Ingersol
 Thompson & Horn)
for Petitioners-Appellees
MARK L. VORSATZ and FIRST
HAWAIIAN BANK as Co-Trustees

Alan T. Yoshitake
(Seyfarth Shaw LLP)
for Petitioner-Appellee
FIRST HAWAIIAN BANK as
Co-Trustee

Presiding Judge

Associate Judge

Associate Judge